**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Houssam Hachem, | No. MC-17-00057-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Defendants. | |

Before the Court is Plaintiff Houssam Hachem's renewed application for an order under 28 U.S.C. § 1782 granting leave to obtain discovery for use in a Canadian proceeding. (Docs. 1, 4.) The Canadian litigation is an action by Plaintiff against presently unknown Defendants based on an anonymous and allegedly defamatory posting published at www.thedirty.com ("Website"). (Docs. 1-1, 1-2 at 4.) Plaintiff contends that his only reasonable means to discover Defendants' identities is to subpoena the information from Dirty World, LLC, which operates the Website.

Upon application by any interested person, 28 U.S.C. § 1782(a) allows a district court to order a person residing or who may be found within its district to produce documents or give testimony for use in a foreign proceeding.

> There are thus three threshold requirements for compelling discovery under § 1782: (1) the person from whom discovery is sought must "reside" or be "found" in the district; (2) the discovery must be for use in a proceeding in a foreign tribunal; and (3) the applicant must be an "interested person."

*In re Godfrey*, 526 F. Supp. 2d 417, 418 (S.D.N.Y. 2007).

As the plaintiff in the Canadian litigation, Plaintiff is an interested person within the meaning of the statute, and he seeks discovery for use in a foreign proceeding. The Court previously denied Plaintiff's request, however, because he had not adequately shown that Dirty World resides or is found in the District of Arizona. (Doc. 3.) In his renewed application, Plaintiff provides this missing information. Specifically, he attaches e-mail correspondence with counsel for Dirty World confirming its presence in Arizona. (Doc. 4-1.) Based on this supplemental information, the Court finds that Plaintiff meets the threshold requirements of § 1782(a).

When the threshold requirements of § 1782(a) are met, "[t]he statute authorizes, but does not require," the district court to compel the requested discovery. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004). In exercising its discretion to grant or deny a request under § 1782, the court considers several factors, including: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding;" (2) the nature and character of the foreign proceeding, and whether the foreign court is receptive to judicial assistance from the United States; (3) whether the request is an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the discovery request is "unduly intrusive or burdensome." *Id.* at 264-66. The court may also consider whether the requested materials are located outside the United States. *See Four Pillars Enter. Co., Ltd. v. Avery Dennison Corp.*, 308 F.3d 1075, 1079-80 (9th Cir. 2002). In weighing these factors, the court must be mindful of "the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistant to our courts." *In re Metallgesellschaft AG*, 121 F.3d 77, 79 (2d Cir. 1997) (internal quotations and citation omitted).

Plaintiff seeks to subpoena seven categories of documents related to the allegedly defamatory web posting. (Doc. 1-3 at 6.) These documents do not appear unduly intrusive or burdensome, and are targeted at uncovering the identities of those responsible

for the posting so that they may be named as defendants in the Canadian litigation. Dirty World is not a party to the Canadian litigation, and there is no indication that the Canadian court would be unreceptive to judicial assistance from the United States or that Plaintiff's application is an attempt to circumvent Canadian proof-gathering restrictions. For these reasons,

**IT IS ORDERED** that Plaintiff's renewed Application Pursuant to 28 U.S.C. § 1782 (Docs. 1, 4) is **GRANTED**.

Dated this 7th day of November, 2017.


Douglas L. Rayes
United States District Judge